1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8  RODNEY NICHOLSON,                       No. C 05-2259 SI (pr)
9          Plaintiff,                      **ORDER OF DISMISSAL**
10     v.
11 SAN LEANDRO POLICE DEPT.;
   et al.,
12
13         Defendants.
                                         /
14
15     Rodney Nicholson, an inmate at San Quentin State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A, which requires the court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

   In his complaint, Nicholson alleges that he subjected to a forceful and wrongful arrest on April 29, 2003 when he was arrested. Nicholson alleges that he rented a car, the car was stolen, he told his parole officer, his parole officer told him to report it stolen in person, he made a report at the car rental company, and was arrested while making that report. While attempting to resolve the matter at the rental car company, he was arrested by San Leandro police officers

Kovach and Cruz who allegedly used unnecessary force. He also states that he was charged based on false information, and was later exonerated on the criminal charges (although his parole was revoked). Nicholson's complaint appears to assert claims for false/wrongful arrest and excessive force during the arrest.

The claims Nicholson asserts in his complaint are not new. They repeat claims made in another action dismissed shortly before Nicholson filed this action. See Nicholson v. Kovach, No. C 04-1789 SI. That action was filed in this court on May 5, 2005 (as a removed case from state court) and, after Nicholson unsuccessfully attempted to amend his complaint, was dismissed with prejudice on April 18, 2005. See Order of Dismissal in Case No. C 04-1789 SI. Nicholson did not appeal that dismissal; instead, he filed this action about six weeks later.

The complaint is frivolous because it repeats claims made in Case No. C 04-1789 SI. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). The fact that Nicholson has added some new defendants does not save his complaint because it still asserts the same basic claims based on the same facts alleged in Case No. C 04-1789 SI. See id. If Nicholson disagreed with the court's ruling in Case No. C 04-1789 SI, his remedy was to appeal that decision rather than to file a new action repeating the same claims.

This action is dismissed with prejudice. This dismissal counts as a dismissal under 28 U.S.C. § 1915(g) because the complaint is being dismissed as frivolous. The in forma pauperis application is DENIED. (Docket # 2.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: September _28__, 2005

_____
SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY NICHOLSON,

    Plaintiff,

v.

SAN LEANDRO POLICE DEPT.;
et al.,

    Defendants.
                                     /

No. C 05-2259 SI (pr)

**ORDER OF DISMISSAL**

      Rodney Nicholson, an inmate at San Quentin State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A, which requires the court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

      In his complaint, Nicholson alleges that he subjected to a forceful and wrongful arrest on April 29, 2003 when he was arrested. Nicholson alleges that he rented a car, the car was stolen, he told his parole officer, his parole officer told him to report it stolen in person, he made a report at the car rental company, and was arrested while making that report. While attempting to resolve the matter at the rental car company, he was arrested by San Leandro police officers

Kovach and Cruz who allegedly used unnecessary force. He also states that he was charged based on false information, and was later exonerated on the criminal charges (although his parole was revoked). Nicholson's complaint appears to assert claims for false/wrongful arrest and excessive force during the arrest.

The claims Nicholson asserts in his complaint are not new. They repeat claims made in another action dismissed shortly before Nicholson filed this action. See Nicholson v. Kovach, No. C 04-1789 SI. That action was filed in this court on May 5, 2005 (as a removed case from state court) and, after Nicholson unsuccessfully attempted to amend his complaint, was dismissed with prejudice on April 18, 2005. See Order of Dismissal in Case No. C 04-1789 SI. Nicholson did not appeal that dismissal; instead, he filed this action about six weeks later.

The complaint is frivolous because it repeats claims made in Case No. C 04-1789 SI. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). The fact that Nicholson has added some new defendants does not save his complaint because it still asserts the same basic claims based on the same facts alleged in Case No. C 04-1789 SI. See id. If Nicholson disagreed with the court's ruling in Case No. C 04-1789 SI, his remedy was to appeal that decision rather than to file a new action repeating the same claims.

This action is dismissed with prejudice. This dismissal counts as a dismissal under 28 U.S.C. § 1915(g) because the complaint is being dismissed as frivolous. The in forma pauperis application is DENIED. (Docket # 2.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: September _28__, 2005                    _____
                                                SUSAN ILLSTON
                                                United States District Judge